**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Normann, a single man, ) | No. CV 06-3119-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Chapman Automotive Group, LLC, an ) | |
| Arizona company, dba Chapman ) | |
| Automotive Complex, Chapman ) | |
| Scottsdale Autoplex, LLC, an Arizona ) | |
| company, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is Defendants' Motion to Dismiss and Alternative Motion for More Definite Statement (Doc. # 8).

**I.    Background**

On January 18, 2007, Plaintiff, who is confined to a wheelchair due to multiple sclerosis, filed an amended complaint alleging that while on Defendants' property he encountered various barriers to accessibility in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. (the "ADA") and the Arizona Civil Rights Act, A.R.S. § 41-1492, *et seq*. (the "ACRA"). Plaintiff alleges that he encountered the barriers in, among other things, the men's restroom involving the sink area and the toilet stall. Plaintiff further alleges he expects discovery will reveal numerous other barriers to accessibility. Plaintiff seeks injunctive relief, compensatory damages, attorneys' fees and costs pursuant to the ADA and the ACRA.

On January 23, 2007, Defendants filed their Motion to Dismiss and Alternative Motion for More Definite Statement (Doc. # 8). Defendants argue that Plaintiff's amended complaint fails to allege facts sufficient to state a claim and request that the Court dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, order a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

**II.    Legal Standard**

    **A.    Failure to State a Claim**

A court may not dismiss a claim under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (citing *Buckley v. Los Angeles*, 957 F.2d 652, 654 (9th Cir. 1992)). A motion to dismiss for failure to state a claim is disfavored and rarely granted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997). "All that is required are sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Further, the Court must construe the facts alleged in the complaint in the light most favorable to Plaintiff and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, Plaintiff must still meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, the counterclaims must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Finally, the Court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified School District*, 37 F.3d 517, 521 (9th Cir. 1994).

    **B.    More Definite Statement**

Under Rule 12(e) of the Federal Rules of Civil Procedure, a party may move for a more definite statement if a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." A motion under Rule 12(e) is

1 designed to attack unintelligibility rather than a lack of detail.  *Resolution Trust Corp. v.*
2 *Dean*, 854 F.Supp. 626, 649 (D.Ariz. 1994) (citing *Woods v. Reno Commodities, Inc.*, 600
3 F.Supp. 574, 580 (D.Nev. 1984)).  Such motions are not favored because "the pleadings in
4 the federal courts are only required to fairly notify the opposing party of the nature of the
5 claim."  *Id*. (quoting *A.G. Edwards & Sons, Inc. v. Smith*, 736 F.Supp. 1030, 1032 (D.Ariz.
6 1989)).

**III.    Discussion**

In their motion, Defendants represent that, to state a claim for relief concerning an existing structure under the ADA and the ACRA, Plaintiff must allege a barrier to accessibility exists and removal of the barrier is readily achievable, which means the removal can be accomplished easily and without much difficulty or expense.  Defendants also represent that Plaintiff must allege he was denied access on terms sufficiently comparable to other patrons.  Thereafter, Defendants argue Plaintiff's amended complaint fails to sufficiently allege the existence of a barrier because the amended complaint refers only to a "men's restroom" and the property contains several men's restrooms.  Defendants also argue Plaintiff's failure to identify with specificity any barrier to accessibility renders insufficient his conclusory allegation that removal is readily achievable.  Finally, Defendants argue the amended complaint makes no reference to Plaintiff being denied access to the property on terms sufficiently comparable to other patrons.

In contrast, Plaintiff represents that to state a claim under the ADA, he must show (1) he has a disability; (2) the Defendants own, operate, lease or lease to others a place of public accommodation; and (3) he was denied full and equal treatment because of his disability. Plaintiff argues he has sufficiently pleaded the required elements.  In addition, Plaintiff disagrees with Defendants' representation that he must allege a barrier to accessibility exists and removal of the barrier is readily achievable.  Plaintiff further disagrees with Defendants' representation that he must allege he was denied access on terms sufficiently comparable to other patrons.

- 3 -

The Court finds it unnecessary at this time to determine the appropriate elements of Plaintiff's claims because, under either Defendants' version or Plaintiff's version, the allegations in Plaintiff's amended complaint are sufficient to state a cause of action under the ADA and the ACRA. In his amended complaint, Plaintiff alleges Defendants own, operate, lease or lease to others an automotive dealership at 6601 E. McDowell Road, Scottsdale, Arizona. Plaintiff further alleges he is disabled and requires the use of a wheelchair, he visited Defendants' property on or about October 30, 2006, and the property contained various barriers to accessibility, including in the men's restroom involving the sink area and toilet stall. Finally, Plaintiff alleges Defendants are obligated to remove the barriers and removal of the barriers is readily achievable. These allegations are sufficient to put Defendants fairly on notice of the claims against them and relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure is not appropriate. Further, because the Court does not find the allegations to be vague or ambiguous so as to prevent Defendants from reasonably framing a responsive pleading, relief under Rule 12(e) of the Federal Rules of Civil Procedure is not appropriate.

## IV.   Conclusion

For the foregoing reasons,

IT IS ORDERED that Defendants' Motion to Dismiss and Alternative Motion for More Definite Statement (Doc. # 8) is DENIED.

DATED this 1st day of May, 2007.

James A. Teilborg
United States District Judge